**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 10, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TERRY DEGRAW,

        Plaintiff–Appellant,

v.

EXIDE TECHNOLOGIES,

        Defendant–Appellee.

No. 10-3303
(D.C. No. 5:09-CV-04016-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

Plaintiff Terry DeGraw appeals from the district court's grant of summary

judgment to his former employer, defendant Exide Technologies ("Exide"), on his

retaliation claims under the Kansas Workers Compensation Act ("KWCA"),

Kan. Stat. Ann § 44-501, and the Family and Medical Leave Act ("FMLA"),

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

29 U.S.C. §§ 2601-2654. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I

DeGraw worked for Exide as a material handler from approximately August 20, 2001, until January 23, 2007, when he was discharged. Although DeGraw contends that he primarily drove a forklift for Exide, his official job description required him to manually lift batteries up to 80 lbs, and to walk, sit, lift, bend, and twist.

DeGraw has a history of back problems predating his employment with Exide. On three occasions from the start of his employment in 2001 through the summer of 2006, DeGraw took FMLA leave because of back injuries. DeGraw was again out on FMLA leave for non-work-related back problems for a significant portion of June and July 2006. Toward the end of this leave, Dr. Hanson, a local physician under contract with Exide, released DeGraw back to work.

On August 7, 2006, a few weeks after returning, DeGraw complained to a company nurse that working mandatory overtime was aggravating his back pain. According to DeGraw, the nurse refused to help him fill out a work injury report or a workers compensation claim, instead directing him to speak with his supervisor. DeGraw spoke with his supervisor and took more FMLA leave. Sometime near the middle of August, Exide told DeGraw not to return to work

until he received medical clearance. DeGraw's supervisor approved a form requesting FMLA leave on August 22, 2006; DeGraw, however, did not sign the request form.

Over the next few months, DeGraw saw different doctors, including Dr. Hanson, and underwent multiple treatments for his back. Until late November, each of the doctors refused to release DeGraw to return to work. At that time, one of DeGraw's personal doctors lifted DeGraw's work restriction. When DeGraw informed Exide, the company referred him to Dr. Hanson, who again refused to release DeGraw to work as a material handler. Exide found no other job for DeGraw that satisfied Hanson's restrictions, and discharged him in January 2007.

DeGraw filed this suit, alleging that Exide violated the KWCA by discharging him in retaliation for reporting a work-related injury for which he might file a workers compensation claim. He also asserted that Exide violated the FMLA by retaliating against him for taking leave, interfering with his FMLA rights, and failing to restore him to his position.

Exide moved for summary judgment, asserting that it had discharged DeGraw in reliance on Hanson's medical opinion that DeGraw could not safely perform his job. The district court granted summary judgment in favor of Exide and denied DeGraw's motion for reconsideration. DeGraw filed this appeal.

## II

"We review a district court's grant of summary judgment de novo, applying the same legal standard as the district court." Twigg v. Hawker Beechcraft Corp., 659 F.3d 987, 997 (10th Cir. 2011). "Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. (quotation omitted). "In applying this standard, we view the evidence and the reasonable inferences to be drawn from the evidence in the light most favorable to the nonmoving party." Id.

### A

With respect to his KWCA claim, the district court determined that DeGraw had established a prima facie case, but failed to overcome the legitimate non-retaliatory reason offered by Exide for his termination: that DeGraw's back issues prevented him from performing his material handler duties. See Rebarchek v. Farmers Coop. Elevator, 35 P.3d 892, 898 (Kan. 2001) (holding that the burden shifts back to the plaintiff once a defendant articulates a legitimate non-retaliatory reason for terminating the plaintiff's employment).

On appeal, DeGraw focuses on evidence from his own doctors ostensibly showing that he was able to perform the requirements of his job at the time Exide discharged him. As the district court correctly explained, however, the operative question is not whether DeGraw could in fact have performed the duties of a material handler, but whether Exide "honestly believed" DeGraw could not

-4-

perform his job due to his medical condition. <u>Riggs v. AirTran Airways, Inc.</u>, 497 F.3d 1108, 1118-19 (10th Cir. 2007) (holding that "[w]e do not ask whether the employer's reasons were wise, fair or correct; the relevant inquiry is whether the employer honestly believed its reasons and acted in good faith upon them"); <u>McKnight v. Kimberly Clark Corp.</u>, 149 F.3d 1125, 1129 (10th Cir. 1998) (explaining that the test of "good faith belief" is applied to an employer's articulated motivating reason "at the time of [the employee's] termination").

DeGraw contends that Hanson had no basis for his opinion that DeGraw could no longer safely perform his job because Hanson did not "examine" DeGraw when the two met in December 2006. This argument cannot withstand scrutiny. Hanson had examined DeGraw before, and on more than one occasion. When he saw DeGraw in December, he ordered an MRI and reviewed the results, as well as DeGraw's prior medical history, including a CT scan performed in June. Hanson also knew from DeGraw's medical records that three epidural steroid injections DeGraw had received over the summer had not provided him much relief.

DeGraw also argues that Hanson provided the opinion at Exide's direction after the fact to support its decision to discharge him. In support of this argument, DeGraw relies on the fact that the written opinion Hanson claims to have recorded in December 2006 is not dated. However, Hanson stated that he gave his opinion to Exide in December 2006, which was before Exide discharged

DeGraw in January 2007, and that the service that transcribed his opinion merely omitted the date. DeGraw, moreover, did not supply any meaningful support for his assertion on appeal that Hanson wrote what management requested him to say.

Because we are unpersuaded by DeGraw's arguments on appeal, we concur with the district court's conclusion that he failed to demonstrate a triable question of fact on the issue of pretext.

**B**

The district court was also correct to grant summary judgment on DeGraw's FMLA claims. DeGraw's arguments on his FMLA claims are not adequately supported by citations to record evidence, the law, or the district court's decision to allow meaningful review. See Fed. R. App. P. 28(a)(9)(A) ("[T]he argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.").

On this showing, DeGraw cannot establish a prima facie case for FMLA retaliation. To do so requires demonstrating a causal connection between his termination and the protected activity of taking FMLA leave. Meltzer v. Fed. Home Loan Bank of Topeka, 464 F.3d 1164, 1171 (10th Cir. 2006). DeGraw, however, has shown only that his termination is connected to his medical condition. Furthermore, evidence of a disagreement as to DeGraw's ability to

perform the job of material handler does not demonstrate pretext for terminating DeGraw in retaliation for availing himself of FMLA leave.

DeGraw also claims that Exide violated his FMLA rights by failing to reinstate him when he sought to return to work in November. While DeGraw is correct that the FMLA entitles employees returning from qualifying leaves to resume their previous positions, DeGraw exhausted his FMLA leave long before he was terminated. He used FMLA leave during almost all of June and half of July in 2006 (that is, approximately six weeks), and then again from August 10 until his FMLA leave expired at the end of September. The FMLA permits an employer to terminate an employee who cannot return to work after his twelve weeks of leave have expired. See 29 U.S.C. § 2614(3)(B). Thus, even if the court were to accept DeGraw's doctor's work release over Dr. Hanson's opinion that he could no longer perform the requirements of his job, DeGraw was not entitled to reinstatement.

Finally, DeGraw argues that Exide violated his rights by forcing him to take unnecessary leave so that he exhausted his leave time before late November. But DeGraw does not explain which leave periods were unnecessary, much less

provide any evidence to support this contention.  Accordingly, we reject these arguments and affirm the district court on DeGraw's FMLA claims

## III

The judgment of the district court is **AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge